REQUESTED BY: Mary Dean Harvey, Director Nebraska Department of Social Services
45 C.F.R. 302.51(a)(4) provides that the date of collection for distribution purposes in all IV-D cases must be the date the wages or other income are withheld to meet the support obligation. Is there any statutory reason under Nebraska law why the Clerks of the District Courts cannot record the date of collection (for distribution purposes) as month A (date of withholding) rather than in month B (the date received in the district court)?
No, there is no reason why the district court cannot use the date of withholding by the employer.
Neb.Rev.Stat. § 42-364.01 (Reissue 1988) of the Income Withholding Act in effect appoints the employer as an agent of the Clerk of the District Court for purposes of collection. Subsection (1) of Neb.Rev.Stat. §42-364.01 provides that the employer shall withhold from earnings due, and subsection (3) provides for inclusion of the employer's fee. The result is that when the obligee employee is paid (absent the withholding), the child support payment has passed from obligor parent to the employer as an agent of the court, and fairness would require that date to be the effective date of the payment.
Subsequently, pursuant to subsection (4), once each calendar month the employer remits to the District Court Clerk the withheld amount minus the deduction fee. The date of the receipt in the Clerk's Office is subsequent to the actual payment, and conceivably could be sometime later. To show the date of withholding as the date of collection is logical and reflects the reality of the collection procedure.
A review of the child support enforcement statutes, including the sections on withholding of income, reveal nothing that would prohibit the district court from using the date of withholding as the date of collection. Certainly, one can understand that District Court Clerks would prefer to use the date stamped as received in their office. However, that desire for expediency should not preclude following the federal direction which clearly has its root in fairness to the obligor parent.
Sincerely,
DON STENBERG Attorney General
Royce N. Harper Senior Assistant Attorney General 15-03-14.92
APPROVED BY:
___________________________ Don Stenberg Attorney General